***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Glenn. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order except for minor modifications; therefore, the Full Commission AFFIRMS the Decision and Order of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All the parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Tort Claims Act.
2. That the appointment of James Drewry who appears in a representative capacity is valid and that said party has duly qualified and has authority to appear in the capacity in which said party is designated, and that no further proof of appointment or capacity shall be required.
3. That James Drewry, resident of Linden, Cumberland County, North Carolina, is the Administrator of the Estate of Roger Drewry, Deceased.
4. That the Plaintiff has filed a claim against the North Carolina Department of Transportation, which is a State department and, that Jonathan G. Nance and Hugh S. Matthews were employees of the Department of Transportation at the time of the incident referenced herein.
5. That on April 15, 1996, Decedent's vehicle struck water standing in the roadway on N.C. Highway 217, struck a ditch and overturned.
6. That the North Carolina Department of Transportation is an agency of the State of North Carolina.
7. That the date of death of Roger McKinley Drewry was April 15, 1996.
8. That Jonathan G. Nance and Hugh S. Mathews were at all relevant times employees and agents of the North Carolina Department of Transportation acting in the course and scope of their employment.
9. That the parties stipulate to the authenticity of the Cumberland County Sheriff's Department's photographs.
10. The issues to be determined by the Full Commission are as follows:
(a) Was plaintiff injured by the negligence of defendant?
(b) Was plaintiff contributorily negligent?
 (c) What amount of damages, if any, is plaintiff entitled to recover from defendant for the injuries and expenses sustained?
11. The Pre-Trial Agreement along with its attachments and any stipulations that has been submitted by the parties are hereby incorporated by reference as though they were fully set out herein.
12. The depositions of Claude I. Burkhead, III, PE and James A. Spoangler, II are a part of the evidentiary record in this case.
 ***********
Based upon the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On April 15, 1996, at approximately 9:15 p.m., one to two inches of water was standing in a 90-100 foot long pond on North Carolina Highway 217, (N.C. 217), 0.8 miles south of Linden, in Cumberland County. The weather records from nearby monitoring stations show that it had rained heavily, up to two inches that day. The evidence shows that silt from an adjacent field, which had been recently disced for farming, had washed out of the field and clogged a drainage ditch that ran parallel to the roadway. This caused water to flow across the roadway instead of down the ditch to a highway drainpipe under the roadway and created the aforementioned pond.
2. On April 15, 1996, the decedent, Roger Drewry, was driving his 1995 Pontiac Trans Am V-8 Convertible. Plaintiff-decedent left home and with a passenger, Lee Morgan, and drove to Fayetteville, North Carolina. After shopping, plaintiff-decedent and Mr. Morgan returned to Linden. After leaving U.S. 401 north, plaintiff-decedent and Mr. Morgan proceeded down N.C. 217 north towards Linden at 50 to 55 miles per hour. Plaintiff-decedent ran into the standing water, lost control of his car, left the roadway and overturned. Plaintiff-decedent and Mr. Morgan were thrown from the vehicle and pinned underneath it. Mr. Morgan freed himself; however, even with the help of two others who stopped to assist, he could not free plaintiff-decedent. Plaintiff-decedent died at the scene of the accident. Trooper Minchew with the Highway Patrol investigated the accident and testified that standing water and driver's speed were contributing causes to the accident.
3. On July 3, 1995, Mr. Denning contacted the Department of Transportation, (hereinafter, DOT) concerning standing water problems on N.C. 217 at the scene of the subsequent accident. Thomas Burchell, a DOT Transportation Supervisor III in charge of roadway maintenance for that area responded. Mr. Burchell investigated the complaint and determined that the ditch had silted in and following DOT practice determined that the ditch needed to be cleared and a berm built. On July 3, 1995, while investigating Mr. Denning's complaint Mr. Burchell took a video of the area. Mr. Burchell later showed the video to his supervisor Hugh Mathews who concurred with Mr. Burchell's remedial recommendations.
4. Records reflect that Mr. Burchell's crew members as of August 21, 1995 had completed the remedial work. Mr. Burchell periodically checked the area to see if the action which had been taken to correct the problem had its desired effect. Mr. Burchell believed that it did and DOT received no further complaints of drainage problems in that area until after plaintiff-decedent's accident on April 15, 1996. While plaintiff presented witnesses who testified that they encountered standing water on N.C. 217, no one notified DOT of the problems that they encountered.
5. Plaintiff contends that the reason water was standing on the roadway was that a twenty-four inch drainage pipe located approximately one hundred feet down from the silted-over ditch was inadequate to handle the amount of water from the rainfall which occurred on the date of the accident. Plaintiff's hydrology expert, James A. Spangler, II, testified that the drainage area into the ditch and pipe located adjacent to and under N.C. 217 was thirty-one acres plus or minus and included cultivated land. Mr. Spangler testified that DOT regulations indicate in some instances that oversized piping can or should be used in order to allow for obstructions. However, the twenty-four inch pipe was some distance from the silted area of the ditch which caused the flooding. Further, Mr. Spangler testified that the twenty-four inch pipe, had it been unobstructed, was adequate to handle the flow of water which fell on April 15, 1996.
6. Robert Godwin, the fire chief of Linden, responded to the emergency call for Roger Drewry's accident. Mr. Godwin spoke with the passenger Lee Morgan at the scene of the accident. Mr. Morgan stated to Mr. Godwin that he (Morgan) had come through the same area of N.C. 217 about twenty minutes before the accident occurred. Mr. Godwin further testified that whenever he noticed water hazards in the roadway he would contact the Cumberland County Emergency Operations Center, but he never directly contacted DOT.
7. Plaintiff-decedent and Mr. Morgan had passed through the flooded area in question approximately twenty minutes prior to the time of the accident in question here and were aware that the road was flooded prior to the accident.
8. Plaintiff has failed to offer any evidence as to what relevant DOT regulations and standards require as to design and maintenance of roads such as N.C. 217 including the design and control of water flow.
9. The North Carolina Department of Transportation had no prior notice of N.C. 217 being flooded on April 15, 1996 prior to the accident that killed plaintiff-decedent.
10. In this situation, the problem was not the drainage pipe but the area where the water ran out of the field into the ditch. Plaintiff presented no testimony that the water after running out of the field was backed up from the point of entering the ditch down to the location of the pipe running under the roadway, but that the water ran directly out of the field into the roadway. Plaintiff presented no testimony that the water was ponded at the location of the pipe under the roadway. Plaintiff presented no testimony as to whether the ditch was properly designed or negligently designed or maintained. Plaintiff only presented testimony that water was in the roadway. Plaintiff offered no standard to compare and determine whether there was negligence on the part of defendant in maintaining N.C. 217.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the evidence the standard of care that was owed or that employees of defendant breached any duty owed to the public or to plaintiff-decedent. N.C.G.S. § 143-291.
2. Plaintiff has failed to prove by the greater weight of the evidence that the actions of defendant's employees were the proximate cause or contributing cause of the accident in question or any injuries received by plaintiff-decedent. N.C.G.S. § 143-291.
3. Plaintiff-decedent's actions constitute contributory negligence in that he first obtained awareness of the hazardous road condition of standing water on N.C. 217 when driving in the same location approximately twenty minutes prior to the time of his fatal automobile accident and failed to take the appropriate action of a reasonable person by reducing his speed as a precaution while traveling through this same area very shortly thereafter. N.C.G.S. § 143-299.1.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission AFFIRMS the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim is hereby denied and dismissed with prejudice.
This the ___ day of June 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER